D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MISS JONES LLC,

                Plaintiff,

-against-

BRAHMADUTTA BISRAM; Y & S DEVELOPMENT
OF NY INC.; NEW YORK CITY DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT;
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD; and NEW YORK CITY DEPARTMENT OF
FINANCE,

                Defendants.
-----------------------------------------------------------------X

ORDER

16-CV-7020 (NGG) (SMG)

NICHOLAS G. GARAUFIS, United States District Judge.

On December 21, 2016, Plaintiff, Miss Jones LLC, brought this residential mortgage foreclosure action under Article 13 of the New York Real Property Actions and Proceedings Law against Defendants Brahmadutta Bisram, Y & S Development of NY, Inc. ("Y & S"), the New York City Department of Housing Preservation and Development ("HPD"),[1] the New York City Environmental Control Board ("ECB"), and the New York City Department of Finance ("DOF"). (Compl. (Dkt. 1).) Plaintiff seeks to foreclose its mortgage on a property located at 301 Schenck Avenue,[2] Brooklyn, New York (the "Property"), obtain payment on the underlying mortgage note from Bisram, plus interest, and extinguish all subordinate interests in the Property. (Id.)

---

[1] Although the report and recommendation ("R&R") refers to this defendant as the "Department of Housing Preservation and Urban Development ("HPUD")," the correct name of the agency is the Department of Housing Preservation and Development ("HPD"). The court assumes that all references to HPUD in the R&R are intended to refer to HPD.
[2] While the R&R sets out the address of this property as "301 Schenk Avenue," the court notes the correct spelling of the address as "301 Schenck Avenue."

1

Defendants were served with the Complaint between January 19 and February 1, 2017, but none of them responded within the requisite period. (Affs. of Service (Dkts. 15-19).) At Plaintiff's request, the Clerk of Court entered a certificate of default against Defendants on March 10, 2017. (Request for Certificate of Default (Dkt. 20); Clerk's Entry of Default (Dkt. 21).) Plaintiff moved for default judgment on April 8, 2017. (Pl. Mot. for Default J. (Dkt. 24).) The court referred Plaintiff's motion to Magistrate Judge Steven M. Gold for a report and recommendation ("R&R"). (Apr. 11, 2017, Order.)

On February 5, 2018, Judge Gold issued an R&R recommending that the court grant Plaintiff's motion in part. (R&R (Dkt. 32) at 2.) Judge Gold recommended that the court:

- Order default judgment against Bisram, Y & S, HPD, and ECB;

- Deny default judgment against DOF, and dismiss all claims against it without prejudice;

- Order Bisram to pay $188,254.00 in damages for unpaid principal on the mortgage note as well as prejudgment interest on the unpaid principal at a $47.06 per diem rate from December 2, 2010, through the date final judgment is entered;

- Order Bisram to pay $469.20 in pre-acceleration late charges;

- Find that the Property may be sold in one parcel;

- Order the foreclosure and sale of the Property in the form proposed by Plaintiff; and

- Appoint a referee to conduct the foreclosure sale.

(Id. at 13.)

No party has objected to the R&R and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). The court therefore reviews the R&R for clear error. See 28 U.S.C.

2

§ 636(b)(1); Wider v. Colvin, 245 F. Supp. 3d 381, 385 (E.D.N.Y. 2017); see also Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order).

Finding no clear error in the R&R, the court ADOPTS IN FULL the R&R. The court GRANTS a default judgment against Bisram, Y & S, HPD, and ECB. The court ORDERS Bisram to pay Plaintiff $188,254.00 plus interest, to be calculated at a daily rate of $47.06 from December 2, 2010, until the date of entry of judgment, in addition to $469.20 in pre-acceleration late charges. The court DENIES Plaintiff's motion for default judgment as to DOF and DISMISSES WITHOUT PREJUDICE all claims against DOF. The court further ORDERS the foreclosure and sale of the Property and will appoint a referee to conduct the sale. By no later than twenty days following the date of this order, Plaintiff is DIRECTED to provide the court with a list of five prospective referees, including their curriculum vitae, demonstrating their qualifications for appointment as referee in this matter. Plaintiff is also DIRECTED to submit, within twenty days of the date of this order, a revised Proposed Judgment of Foreclosure and Sale that (1) identifies the newspaper in which notice of the foreclosure sale will be made; and (2) reflects the dismissal of DOF from this action.

SO ORDERED.

Dated: Brooklyn, New York  
February 21, 2018

s/Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge